UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ryan Showalter, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Northstar Location Services, LLC, | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Ryan Showalter, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Ryan Showalter (hereafter "Plaintiff"), is an adult individual residing at 8424 Mullen Road, Southeast, Lacie, Washington 98503, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Northstar Location Servives, LLC (hereafter "Defendant"), is a domestic limited liability company with an address of 4285 Genesee Street, Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant began contacting the Plaintiff at his place of employment.

10. The Defendant contacted the Plaintiff's co-workers by repeatedly calling them on their business lines, despite being asked to cease such communication by both the Plaintiff and his co-workers.

11. The Defendant then began contacting the Plaintiff's friends, calling numerous times throughout the day on private cell phone lines.

12. The Defendant threatened the Plaintiff with immediate legal action if he did not pay the debt and, to date, the Defendant's threats have been empty and baseless.

13. Furthermore, the Defendant failed to validate the debt in writing and the Plaintiff has not been provided with the opportunity to dispute the debt.

14. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant contacted third parties and failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

17. The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

18. The Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

19. The Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

20. The Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

21. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

22. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

23. The Defendant failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

24. The Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

25. The Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

26. The Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

27. The Defendant failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated New York state law.

33. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

34. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

35. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

37. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

### COUNT III
### VIOLATIONS OF N.Y. GEN. BUS. § 601, *et al.* PROHIBITED PRACTICES IN DEBT COLLECTION PROCEDURES

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Plaintiff is a "debtor" and Defendant is a "principal creditor" as defined under the N.Y. Gen. Bus. § 601.

40. Defendant, in violation of the N.Y. Gen. Bus. § 601(4), communicated the nature of the Plaintiff's debt to the Plaintiff's employer, without having obtained a judgment against the Plaintiff and without the purpose of executing an assented to wage assignment agreement.

41. Defendant communicated with the debtor at such a time and place and with such frequency as to be considered harassment in violation of N.Y. Gen. Bus. § 601(6).

42. The Defendant threatened to take action against the Plaintiff which the Defendant in his usual course of business does not take, in violation of N.Y. Gen. Bus. § 601(7).

43. As a result of Defendant's violations of N.Y. Gen. Bus. § 601, the Plaintiff is entitled to damages.

### COUNT IV
### VIOLATIONS OF N.Y. GEN. BUS. § 349 FOR UNLAWFUL DECEPTIVE PRACTICES AND ACTS

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. N.Y. Gen. Bus. § 349 declares unlawful any deceptive acts and practices in the conduct of any business, trade, or commerce within the state of New York.

46. The Defendant has repeatedly contacted the Plaintiff despite Plaintiff's requests that Defendant cease communication, has contacted third parties and has contacted the Plaintiff at his place of employment.

47. The Defendant's acts constitute repeated and persistent deceptive acts and practices, in violation of N.Y. Gen. Bus. § 349.

48. As a result of Defendant's violations of N.Y. Gen. Bus. § 349, Plaintiff is entitled to damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damage; and

6. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 10, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs